UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

JESSICA HIERREZUELO,

    Plaintiff,

v.                                        Case No. _____

ENVISION HEALTHCARE CORPORATION,

    Defendant.

_____/

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, ENVISION HEALTHCARE CORPORATION, ("Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby files this Notice of Removal in the above-captioned action in the office of the Clerk of the United States District Court for the Southern District of Florida, and as grounds therefore respectfully states as follows:

1. On or about May 19, 2021, Plaintiff, JESSICA HIERREZUELO ("Plaintiff"), commenced an action against Defendant in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida styled *Jessica Hierrezuelo v. Envision Healthcare Corporation,* Case Number CACE-21-010096.

2. Plaintiff served Defendant with the Summons and Complaint ("Complaint") on May 24, 2021.

3. Pursuant to 28 U.S.C. § 1446(b), Defendant timely files this Notice of Removal within 30 days of service of the initial pleading on Defendant.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all pleadings, process, and orders served in this action are attached hereto and incorporated herein as **Exhibit 1**. This constitutes all processes, pleadings, and orders served in the state court case to date.

1.     Pursuant to 28 U.S.C. § 1446(d), written notice of the Filing of Notice of Removal to Federal Court is being provided to Plaintiff herewith. A true copy of this Notice of Removal is being filed with the Clerk of Court for the Circuit Court in and for Broward County, Florida, as required by law, which is attached hereto as **Exhibit 2**.

**I.     JURISDICTION**

This Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a).  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441, in that it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Specifically, the facts supporting diversity jurisdiction are as follows:

**II.    DIVERSITY OF CITIZENSHIP**

**A.    Plaintiff is a citizen of Florida.**

For an individual, "[c]itizenship is equivalent to 'domicile' . . . [which is] the place of his true, fixed, and permanent home and principal establishment, and to which she has the intention of returning whenever she is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation omitted).  "A person's domicile is determined by a review of the 'totality of the evidence' . . . ." *Comprehensive Care Corp v. Katzman*, No. 8:09-cv-1375, 2009 WL 3157634, at * 2 (M.D. Fla. 2009) (citing *Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349 (M.D. Fla. 2001)). Evidence that may be factored into a court's consideration includes affidavits and other testimony, driver's license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property, and place of employment. *See e.g., Sunseri v. Macro Cellular Partners*, 412 F.3d 1247,

1249 (11th Cir. 2005); *McDonald v. Equitable Life Ins. Co. of Iowa*, 13 F. Supp. 2d 1279, 1281 (M.D. Ala. 1998); *Smyth v. Hillstone Rest. Group, Inc.*, No. 13-80217, 2013 WL 2048188, at *2 (S.D. Fla. 2013).

In reviewing Plaintiff's Complaint, there can be no doubt that Plaintiff is, and was at the time of filing the Complaint and at the time of removal, a citizen of the State of Florida. The Complaint alleges, "Plaintiff is a resident of Palm Beach County, Florida." *See* Complaint ¶ 2. As a permanent resident of Florida, Plaintiff is domiciled in, and therefore, a citizen of the State of Florida. *See Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342 (11th Cir. 2011) (holding that an assertion of permanent residency sufficiently alleges domicile); *see also Smyth*, 2013 WL 2048188 at *2.

### B. Defendant is not a citizen of Florida

Diversity of citizenship exists because Defendant is not a citizen of the State of Florida. Defendant is incorporated under the laws of the State of Delaware with its principal place of business in Nashville, Tennessee. *See Pitts ex rel. Pitts v. Seneca*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004) (holding a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has a principal place of business).

### III. AMOUNT IN CONTROVERSY

Plaintiff's Complaint on its face establishes the amount in controversy exceeds $75,000. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (holding a removing defendant "is not required to prove the amount in controversy beyond all reasonable doubt or to banish all uncertainty about it."). In determining the amount in

controversy, the Court should look to the complaint. *See id.*

In the two-count Complaint, Plaintiff alleges Defendant breached two contracts with her resulting in alleged damages. *See* Complaint, ¶ 15 – 23. To support her request for damages, Plaintiff alleges she entered into an Executive Employment Agreement, which included an agreed annual salary of $180,000. *See* Complaint, ¶ 7 and Complaint Exhibit "A", ¶ 4. Plaintiff alleges Defendant failed to pay her a short term incentive bonus and decreased her base salary thereby breaching the Executive Employment Agreement. *See* Complaint, ¶ 11. Plaintiff alleges this breach resulted in $129,131.00 of owed wages. *See* Complaint, ¶ 18. Additionally, Plaintiff seeks compensation for "the value of vested and non-vested performance share units" and for "compensatory damages, costs, attorneys['] fees, and any further relief that this Court deems just and proper." *See* Complaint, ¶ 22 and wherefore paragraphs following ¶¶ 19 and 21.

Taken together, while undefined, it is clear from the face of the Complaint and allegations pled that Plaintiff's claims exceed $75,000.

## IV.   CONCLUSION

Plaintiff's own Complaint allegations firmly establish she seeks damages in excess of the jurisdictional threshold of $75,000. Further, Defendant is a non-resident of the state of Florida whereas Plaintiff is a resident of Florida. Therefore, this Court has jurisdiction over Plaintiff's claims. *See* 28 U.S.C. §1332, 1441, and 1446.

WHEREFORE, Defendant respectfully requests that *Jessica Hierrezuelo. v. Envision Healthcare Corporation, Case Number CACE-21-010096*, currently pending in the Circuit Court for the Seventeenth Judicial Circuit, in and for Broward County, Florida, be removed to the United States District Court for the Southern District of Florida.

Dated:  June 14, 2021.

>Respectfully submitted,
>
>/s/  **Caren S. Marlowe**
>Caren S. Marlowe
>Florida Bar No. 514586
>caren.marlow@ogletree.com
>Stephanie C. Generotti
>Florida Bar No. 112924
>stephanie.generotti@ogletree.com
>OGLETREE, DEAKINS, NASH,
> SMOAK & STEWART, P.C.
>100 North Tampa Street, Suite 3600
>Tampa, FL  33602
>Telephone: (813) 289-1247
>Facsimile:  (813) 289-6530
>***Attorneys for Defendant***

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of June, 2021 the foregoing was filed with the Court using the CM/ECF System, which will send a notice of filing to:

>Jorge L. Fors, Esquire
>Fernando A. Prego, Esquire
>Fors/Attorneys at Law
>1108 Ponce de Leon Boulevard
>Coral Gables, Florida 33134
>info@forslegal.com
>jfors@forslegal.com
>fprego@forslegal.com
>***Attorneys for Plaintiff***

>*/s/  Caren S. Marlowe*
>Attorney

47440319.1

5